**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LYNN AWKWARD,<br><br>         Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY and DAVID P. CARROLL,<br><br>         Defendants. | Civil Action No. 19-12371 (SDW)(LDW)<br><br>**ORDER**<br><br>June 10, 2019 |

**THIS MATTER** having come before this Court upon the filing Plaintiff Lynn Awkward's ("Plaintiff") Motion for Reconsideration of this Court's May 15, 2019 Order ("the Order") *sua sponte* dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted Pursuant to Federal Rule of Civil Procedure 12(b)(6); and

**WHEREAS** *pro se* Plaintiff initiated this action against State of New Jersey and David P. Carroll (collectively, "Defendants") alleging that Defendants violated Plaintiff's federal constitutional and statutory rights by sending a court notice informing him that a judgment in the amount of $5,126.79 had been entered against him by the Superior Court of New Jersey, Special Civil Part, Essex County. (D.E. 1 at 5, 8.) Specifically, Plaintiff claims that Defendants "used the U.S. Mail to send a threatening notice" which caused him "emotional distress and mental anguish" (*id.* at 4, 5); and

**WHEREAS** this Court having found that there was "nothing wrongful in the Superior Court's attempt to inform Plaintiff about the entry of a judgment against him or to inform him of

the potential consequences should Plaintiff fail to pay that judgment," this Court *sua sponte* dismissed Plaintiff's Complaint on May 15, 2019; and

**WHEREAS** a motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2 (internal citations omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); and

**WHEREAS** Plaintiff's motion fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its decision, or an error of fact or law that, if left uncorrected, would result in manifest injustice. Rather, his motion is based solely on his disagreement with this Court's decision. This being insufficient to support a motion for reconsideration;

**IT IS, on this 10th day of June, 2019,**

**ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**. Plaintiff is granted thirty (30) days to file an Amended Complaint.

**SO ORDERED**.

                                    __/s/ Susan D. Wigenton_____
                                    **United States District Judge**

Orig:   Clerk
cc:     Leda D. Wettre, U.S.M.J.
        Parties