

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

~~2019 JUN 24  P 12 05~~

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

LYNN AWKWARD,                    Plaintiff,

**CERTIFICATE OF SERVICE FOR SERVICE BY MAIL**

vs.

Case No. 2:19-12371-SDW-LDW

STATE OF NEW JERSEY and
DAVID P. CARROLL,

Defendant(s).

I hereby certify that on __06/24/2019__ (mm/dd/yyyy), I caused the following documents:

*AMENDED VERIFIED COMPLAINT*

*[Check the box, below, that applies to how you served the above documents.]*

☐ to be filed electronically with the Clerk of Court through ECF and/or

☒ that I caused a copy of the foregoing documents (and the notice of electronic filing, if filed electronically) to be mailed by first class mail, postage paid, to the following:

STATE OF NEW JERSEY
Attorney General
25 Market St
Trenton, NJ 08617

David P. Carroll
Court Officer
478 Martin Luther King Blvd, Rm 273
Newark, NJ 07105

Date:

s/ *Lynn Awkward*

**Signature of filing party**

_Lynn Awkward_





Lynn Awkward
80 W. Passaic Ave
Bloomfield, NJ 07003

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| LYNN AWKWARD, | No. 2:19-12371-SDW-LDW |
| Plaintiff, | |
| vs. | |
| STATE OF NEW JERSEY and DAVID P. CARROLL, | |
| Defendants. | |

## **AMENDED VERIFIED COMPLAINT**

COMES NOW the Plaintiff, *In Pro Per*, and brings this Complaint against

Defendants and states as follows:

### **I. JURISDICTION AND VENUE**

1. Plaintiff claims federal jurisdiction pursuant to Article III §2 which extends the

   jurisdiction to cases arising under the U.S. Constitution.

2. Venue is proper pursuant to 28 U.S.C. §1391(b). Venue in this District is

   proper in that the Plaintiff resides here, the conduct complained of occurred

   here.

3. This is an action for damages which exceed $10,000.00.

4. Plaintiff brings this suit pursuant to Title 42 U.S.C. §1983 for violations of certain protections guaranteed to him by the Fourth, Fifth, and Fourteenth Amendments of the federal Constitution, by the defendants under color of law in their official and individual capacities.

## II. PARTIES

5. Plaintiff, Lynn Awkward, is a natural person and is a resident of this State (hereinafter "Plaintiff").

6. Defendant State of New Jersey (hereinafter "STATE") is a policy making body politic with its principal place of business located at 125 West State Street, Trenton, New Jersey.

7. Defendant David P. Carroll (hereinafter "CARROLL") is Court Officer Trustee for the Superior Court of New Jersey, Essex County.

## III. STATEMENT OF THE CASE

8. Acting under color of law, Defendant CARROLL, as an officer/trustee of the court, caused to be sent to Plaintiff a "Notice To Defendant" dated January 18, 2019, signed by Defendant CARROLL, which stated a threat to take action which was not authorized by the U.S. Constitution. In said notice, Defendant CARROLL threatened to enter Plaintiff's home for the purpose of levying & selling Plaintiff's personal property. Defendant STATE created or authorized policy in which Defendant CARROLL used under color of state law to violate Plaintiffs rights. See **Exhibit "A"**.

9. Title 42 U.S.C. §1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the

2

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF DUE PROCESS

10. Defendant CARROLL, acting under color of law, without due process of law threatened to enter Plaintiff's home without a lawful warrant, remove Plaintiff's personal property, and sell said property.

11. Defendant CARROLL, acting under color of law, sent Plaintiff a written and signed notice stating he would perform the unlawful acts stated therein.

12. Defendant CARROLL presented no law that would permit him to enter Plaintiff's home without a warrant.

### SECOND CAUSE OF ACTION
### FAILURE TO INSTRUCT, SUPERVISE, CONTROL

13. Plaintiff alleges and incorporate the information in paragraphs above.

14. At all relevant times, Defendant CARROLL was acting under the direction and control of the State of New Jersey, which acted through its agents and employees who were responsible for making policy of the Superior Courts, its officers and operations

15. Defendant CARROLL was acting pursuant to either official policy or the practice, custom, and usage of the State of New Jersey and its courts.

16. Acting under color of law, by and through its policy-makers and pursuant to official policy or custom and practice, the State of New Jersey intentionally, knowingly, recklessly and with deliberate indifference to the rights of the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

inhabitants of the state failed to instruct, supervise, control, and/or discipline Defendant CARROLL to refrain from conducting unlawful violations of federally protected rights, privileges, and immunities belonging to Plaintiff.

17. Defendant STATE had knowledge or should have had knowledge that the wrongs alleged herein, or other unlawful, unconstitutional acts were going to be committed and had the power to prevent, or aid in the preventing, the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of inhabitants of the State of New Jersey, failed or refused to do so.

18. Defendant STATE directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant CARROLL.

## THIRD CAUSE OF ACTION
### INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS

19. Plaintiff alleges and incorporate the information in paragraphs above.

20. Defendant Carroll's direct and proximate action caused Plaintiff to suffer emotional distress and mental anguish. Plaintiff suffers and lives in anxious fear of these threats and has lost sleep, experiences disruptive thoughts of Defendant CARROLL bursting into Plaintiff's home with the intent to cause Plaintiff harm. It is difficult for Plaintiff to live a normal and secure life.

21. The term "intentional infliction of emotional distress" can be defined as:

conduct. . . truly extreme and outrageous. Second, the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress. Third, the conduct must in fact cause severe emotional distress. . . Doe v. White, 627 F. Supp. 2d 905, 912 (C.D. Ill. 2009)

4

22. The tone and outrageous threats in the notice that Defendant CARROLL sent to Plaintiff caused all of the elements of intentional infliction of emotional distress. The notice was sent for the purpose of intimidating Plaintiff into making the requested payment. It is the understanding and belief of Plaintiff that only a law enforcement officer with a valid warrant could enter his home and remove personal property. Defendant CARROLL did not claim to be a law enforcement officer with a valid warrant. In fact, Defendant CARROLL claimed to only be a Court Officer.

## V.    RELIEF SOUGHT

23. Plaintiff requests this Court to issue an Order restraining Defendant Carroll from taking actions that violate Plaintiff's rights. Plaintiff requests this Court to enjoin Defendant New Jersey from creating/enforcing policy that violates Plaintiff's rights. Plaintiff requests this Court to impose relief in the form of punitive damages against Defendant New Jersey in the amount of $10,000. Plaintiff requests this Court to impose relief in the form of punitive damages against Defendant Carroll in the amount of $10,000. Plaintiff requests this Court to impose actual damages against Defendant Carroll in the amount of $5,000. The basis for the punitive damages is to encourage the Defendants to cease their unlawful acts. The basis for the actual damages is for compensation for suffering emotional distress mental anguish and anxiety.

Respectfully submitted this 24 day of June 2019                .

Lynn Awkward

5

1 **VERIFICATION**

2

3 STATE OF NEW JERSEY
COUNTY OF ESSEX

4     I have read the foregoing Complaint and know its contents.

5     I am the Plaintiff, party to this action, and am authorized to make this verification.

6 The matters stated in the foregoing document are true and of my knowledge except as

7 to those matters which are stated on information and belief, and as to those matters, I

8 believe them to be true.

9     I declare under penalty of perjury under the laws of the State of New Jersey that

10 the foregoing is true and correct.

11

12 Lynn Awkward, Plaintiff, In Pro Per

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

 David P Carroll Court Officer
P O Box 1196
West Caldwell, NJ 07007

**Court Officer**
**SUPERIOR COURT OF NEW JERSEY**
**Special Civil Part, County of Essex**

At the Suit Of:
Midland Funding LLC

Superior Court of New Jersey
50 West Market Street
Newark, NJ 07102

Plaintiff

Lynn Awkward
80 W Passaic Ave
Bloomfield, NJ 07003

Defendant

| **On Execution** | |
| *Docket* | DC-010112-17 |
| *Writ No.* | 1 |
| *File No.* | 30880 |

# Notice To Defendant

On 7/20/2018 a judgment was entered against you by this court
In the Amount of **$5,126.79** with a balance of **$5,126.79**

To date, this judgment remains unpaid. Unless you contact me immediately and make satisfactory arrangements to pay the total due, I shall apply to the court for an Order permitting me to enter your home ( or business) to levy household goods and furnishings (or business assets) , inventory them and have them appraised so that the value in excess of $1,000 may be sold at public auction the highest bidder to satisfy the judgment.

**01/18/2019**
dated

**Make and Mail All Checks To:**

**COURT OFFICER DAVID P. CARROLL, TRUSTEE**

c/o  David P Carroll Court Officer
P O Box 1196
West Caldwell, NJ 07007

tel.:   (973) 227-2848

fax.:   (973) 882-3525

Sincerely,

David P Carroll Court Officer
N.J. Superior Court, Essex County

**IMPORTANT:**   Please use the docket number on all correspondence and on all checks.

Please Pay By _____  PAST DUE