**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LYNN AWKWARD,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY and DAVID P. CARROLL,<br><br>  Defendants. | Civil Action No. 19-12371 (SDW)(LDW)<br><br>**ORDER**<br><br>February 3, 2020 |

**THIS MATTER** having come before this Court upon the filing of an Amended Complaint by Plaintiff, and the Court having reviewed the Amended Complaint for sufficiency pursuant to Fed. R. Civ. P. 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), and

**WHEREAS** *pro se* Plaintiff Lynn Awkward ("Plaintiff") initiated this action against State of New Jersey and David P. Carroll (collectively, "Defendants") on May 9, 2019, alleging that Defendants violated Plaintiff's federal constitutional and statutory rights by sending a court notice informing him that a judgment in the amount of $5,126.79 had been entered against him by the Superior Court of New Jersey, Special Civil Part, Essex County.  (D.E. 1 at 5, 8.)  Specifically, Plaintiff claimed that Defendants "used the U.S. Mail to send a threatening notice" which caused him "emotional distress and mental anguish" (*id.* at 4, 5).  This Court *sua sponte* dismissed Plaintiff's initial Complaint, finding he had failed to state a claim upon which relief could be granted.  (D.E. 3)  This Court subsequently denied Plaintiff's Motion for Reconsideration and granted Plaintiff thirty (30) days to file an amended complaint (D.E. 3, 4, 5); and

**WHEREAS** Plaintiff filed his Amended Complaint on June 24, 2019. (D.E. 6.) The Amended Complaint names the same defendants, relies on the same facts, and raises the same claims as the initial Complaint. (*Compare* D.E. 1 *with* D.E. 6.) There being nothing wrongful in the Superior Court's attempt to inform Plaintiff about the entry of a judgment against him or to inform him of the potential consequences should Plaintiff fail to pay that judgment, Plaintiff's Amended Complaint again contains no discernable legal claims; and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** the facts set forth in Plaintiff's Amended Complaint are insufficient to support a claim entitling him to relief. *See* Fed. R. Civ. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level");[1]

---

[1] This Court notes again that Defendant Carroll is also likely immune from suit. *See Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (holding that "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts"). In addition, to the extent that Plaintiff seeks to challenge the propriety of the state court judgment, any such claim would be barred by the *Rooker-Feldman* doctrine. *See In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (noting that the doctrine "precludes lower federal courts from exercising

**IT IS**, on this 3rd day of February, 2020,

**ORDERED** that Plaintiff's Amended Complaint is *sua sponte* **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**SO ORDERED**.

                                                  /s/ Susan D. Wigenton
                                                  **United States District Judge**

Orig:   Clerk
cc:     Leda D. Wettre, U.S.M.J.
         Parties

---

appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court") (internal citation omitted).